IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

HOWARD L. HILL, II,

    Petitioner

v.   :   CIVIL NO. 3:CV-13-565

J. E. THOMAS, WARDEN,   :   (Judge Conaboy)

    Respondent

FILED SCRANTON

AUG 1 2 2014

PER _____ /s/
DEPUTY CLERK

## MEMORANDUM
### Background

Howard L. Hill, II, an inmate presently confined at the United States Penitentiary, Florence, Colorado (USP-Florence) filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 while confined at the United States Penitentiary, Lewisburg, Pennsylvania (USP-Lewisburg). Service of the petition was previously ordered.

Named as Respondent is USP-Lewisburg Warden J. E. Thomas. Hill, who describes himself as suffering from severe depression and paranoia, states that he attempted suicide by taking an overdose of pills on May 25, 2012 and was discovered lying unconscious on the floor of his cell. As a further result of the incident, Petitioner was issued two (2) institutional incident reports.[1] Hill's pending action seeks relief with

---

[1] Hill is apparently referencing the fact that there were original and revised charges.

1

respect to the resulting USP-Lewisburg disciplinary proceedings which resulted in a loss of good credit time. Specifically, he claims that prison officials used excessive force by spraying him with a chemical agent and employing restraints. They also purportedly violated Hill's right to privacy by discussing the charges with him at his cell door within earshot of other inmates and failed to take appropriate action after were advised by Hill's cell mate that he was suicidal and had ingested pills.

Petitioner further contends that the misconduct charges were not timely served; the investigating officer failed to interview witnesses, witness Doctor Cannon was not properly questioned; some of his requests for witnesses were denied; and he was not permitted to review security camera footage of the incident

Respondent notes that Petitioner previously filed a § 2241 action with this Court, Hill v. Thomas, Civil No. 3:CV-13-213, "raising virtually identical claims concerning the same May 25, 2012 events." Doc 12, p. 2, n. 2. Since that earlier matter has been ruled upon by this Court Respondent seeks dismissal of this matter on the basis of issue preclusion.[2] Petitioner opposes the argument on the basis that there were two sets of charges.

---

[2] The Respondent also raises additional arguments for dismissal or transfer of this matter. See id. at p. 9.

**Discussion**

28 U.S.C. § 2244(a) and Rule 9(b)[3] of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977), set forth the pertinent authority for determination as to whether second or successive habeas corpus petitions may be reviewed by federal district courts. See Graham v. Warden, FCI-Allenwood, 2009 WL 326010 *1 (3d Cir. Oct. 13, 2009)(§ 2244(a) bars second or successive challenges to the legality of detention including § 2241 petitions which challenge the execution of a federal sentence).

The Supreme Court in McCleskey vs. Zant, 499 U.S. 467, 483 (1991) expanded § 2244 to also preclude a person from raising a new claim in a subsequent habeas petition that he could have raised in his first habeas petition:

> Our most recent decisions confirm that a petitioner can abuse the writ by raising a claim in a subsequent petition that he could have raised in his first, regardless of whether the failure to raise it earlier stemmed from a deliberate choice.

---

[3] The Habeas Corpus Rules are applicable to § 2241 petitions under Rule 1(b)). See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979). Rule 9(b) of the Habeas Corpus Rules provides:
  A second or successive petition may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits, or, if new and different grounds are alleged, the judge finds that the failure of petitioner to assert those grounds in a prior petition constituted an abuse of the writ.

3

McCleskey, 499 U.S. at 489.

On January 29, 2013, Hill filed a § 2241 action, Hill, Civil No. 3:CV-13-213, with this Court regarding the disciplinary charges he received stemming from a May 25, 2012 incident. By Memorandum and Order dated July 21, 2014, Petitioner's initially filed habeas action was dismissed on its merits by this Court. Specifically, it was determined that Hill's claims of excessive force, deliberate indifference and violations of his right to privacy were not properly asserted in a federal habeas corpus petition. Second, this Court found that there was no basis for federal habeas corpus relief because Hill's disciplinary proceedings complied with all mandated due process requirements. Hill subsequently filed his pending habeas corpus petition concerning the same May 25, 2012 incident and disciplinary charges.

Hill clearly filed a prior § 2241 action in this district court regarding the same disciplinary proceedings which are the subject of his pending action. As noted by Respondent, Petitioner's pending action raised similar if not identical arguments as his initially filed action. Petitioner's assertion that there were two sets of misconduct charges lacks merit since both of his habeas petitions clearly regard the outcome of a single disciplinary proceeding which resulted in an adverse decision on revised charges levied against the prisoner.

Assuming arguendo, that the pending Petition does include some new legal or factual contentions, Hill has not presented any substantive arguments as to why he failed to include any such new assertions in his prior federal habeas petition.

The pending Petition fails to show that Hill's instant claims fall within the statutory exceptions for pursuing a second or successive habeas corpus petition. There is also no indication that Petitioner has been granted leave to file a second or successive habeas corpus petition by the United States Court of Appeals for the Third Circuit. Consequently, under the standards announced in McCleskey and the requirements set forth in § 2244(a), Hill's pending case is a second or successive petition which cannot be entertained by this Court. An appropriate Order will enter.

/s/ Richard P. Conaboy
RICHARD P. CONABOY
United States District Judge

DATED: AUGUST 12, 2014